NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |
|---|
| SANTOS ARCIDES CRUZ FLORES, <br><br> Petitioner, <br><br> v. <br><br> TODD BLANCHE *et al.*, <br><br> Respondents. |

No. 26cv5256 (EP)

**MEMORANDUM ORDER**

**PADIN, District Judge.**

Petitioner Santos Arcides Cruz Flores filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging his mandatory detention by immigration authorities as unlawful. D.E. 1 ("Petition"). For the reasons explained below, the Court will **TRANSFER** the Petition to the United States District Court for the Western District of Louisiana.

**I.    BACKGROUND**

On May 11, 2026, counsel for Petitioner filed the Petition in this Court, alleging "[u]pon information and belief, that Petitioner is in the physical custody of Respondents at Delaney Hall Detention Facility, 451 Doremus Ave, Newark, New Jersey 07104" and that Petitioner was detained "in violation of 8 U.S.C. § 1226(a), the Fourth and Fifth Amendments to the United States Constitution, and the controlling precedents of this Court." Petition ¶ 1. That same day, the Court issued an order enjoining Petitioner's removal from the District of New Jersey during the pendency of this action. D.E. 3. On May 12, 2026, the Court issued an order directing Respondents to either file an expedited answer or release Petitioner. D.E. 4.

On May 12, 2026, Respondents filed a letter informing the Court that, upon reasonable belief, Petitioner was not within this Court's jurisdiction when the Petition was filed or when the

Court entered the Text Order enjoining Petitioner's transfer outside the District of New Jersey. D.E. 7 ("Letter").  Respondents supplemented the Letter on May 13, 2026, and confirmed that Petitioner was booked into the Richwood Correctional Center ("RCC") in Monroe, Louisiana, on May 10, 2026, the day before the Petition was filed, and that Petitioner remains detained at RCC. D.Es. 8 ("May 13, 2026 Letter") & 8-1, Ex. 1 ("Booking Sheet").

## II.    JURISDICTION

"[T]he general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."  *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004).  The proper respondent to a habeas petition under 28 U.S.C. § 2241 is the petitioner's immediate custodian, typically the warden of the detention facility who has the ability to produce the petitioner in person. *Khalil v. President, United States*, 164 F.4th 259, 271 (3d Cir. 2026) (quoting *Padilla*, 542 U.S. at 441).  A district court lacks jurisdiction over a § 2241 habeas petition if the petitioner did not name his immediate custodian as the respondent.  *Id.*

Here, Respondents have established that Petitioner was detained in Monroe, Louisiana, within the jurisdiction of the United States District Court for the Western District of Louisiana when the Petition was filed.  *See, e.g.*, *Skripnikov v. U.S. Immigr. & Customs Enf't*, No. 25-2400, 2025 WL 3471449, at *1 (E.D. La. Dec. 3, 2025) (transferring habeas petition to the Western District of Louisiana because petitioner was detained in a detention center within the district). Petitioner failed to file his Petition in his district of confinement and failed to name the warden of RCC, his immediate custodian, as the respondent to his Petition.  For these reasons, this Court lacks jurisdiction over the Petition.

### III.    TRANSFER TO CURE WANT OF JURISDICTION

When a court determines that it lacks jurisdiction over a civil action, if it is in the interest of justice to do so, the court:

> Shall transfer such action to any other such court in which the action could have been brought at the time it was filed and the action shall proceed as if it had been filed in the court to which it is transferred on the date upon which it was actually filed in the court from which it is transferred.

28 U.S.C. § 1631 (citation modified).  Petitioner's district of confinement at the time of filing was the Western District of Louisiana, and according to Respondents, that district remains where Petitioner is located.  Therefore, it is in the interest of justice to transfer this matter to the district having jurisdiction over the Petition—*i.e.*, the Western District of Louisiana.

### IV.    CONCLUSION

Accordingly,

IT IS, on this 22nd day of May, 2026,

**ORDERED** that the Clerk of Court shall **TRANSFER** this matter to the United States District Court for the Western District of Louisiana pursuant to 28 U.S.C. § 1631 to cure want of jurisdiction; and it is further

**ORDERED** that the Clerk of Court shall serve a copy of this Memorandum Order on the parties electronically; and it is finally

**ORDERED** that the Clerk of Court shall **CLOSE** this matter.

Evelyn Padin, U.S.D.J.

3